# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

|  |  |
|---|---|
| Ricky Morrison,                ) | |
| ) | Civil Action No.: 8:19-cv-02947-JMC |
| Plaintiff,     ) | |
| ) | **ORDER** |
| v.             ) | |
| ) | |
| Andrew Saul,                   ) | |
| Commission of Social Security  ) | |
| Administration,                ) | |
| ) | |
| Defendant.     ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 14, 2020. (ECF No. 13.) The Report addresses Plaintiff Ricky Morrison's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the action for further administrative proceedings. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for further administrative proceedings.

## I.   RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 13.) As brief background, Plaintiff filed applications for DIB and SSI in May 2016. (*Id.* at 2.) Both applications were denied initially and on reconsideration. (*Id.*)

After a hearing was held on June 14, 2018, an administrative law judge ("ALJ") determined on October 15, 2018 that Plaintiff had the residual functional capacity ("RFC") to perform light

1

work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).  (*Id.* at 3.)  As a result, the ALJ determined that Plaintiff was not disabled under the Social Security Act ("the Act").  (*Id.* at 2.)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was later denied.  (*Id.* at 3.)  Thus, the ALJ's decision became the final decision of the Commissioner.  *Moody v. Chater*, No. 95–1066, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review).  Plaintiff filed the instant action on October 17, 2019.  (ECF No. 1.)

In the Report, the Magistrate Judge concluded that it is unclear whether the ALJ considered Plaintiff's knee limitations.  (ECF No. 13 at 20.)  Although the Magistrate Judge acknowledged that some of the evidence discussed in the ALJ's decision could theoretically be relevant to an analysis of Plaintiff's knee limitations, the Magistrate Judge found that the ALJ failed to "build a logical bridge" between Plaintiff's complaints regarding his knee and the limitations included in the RFC determination.  (*Id.* (citing *Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016)).  Specifically, the Magistrate Judge determined that it was "not clear whether the ALJ believed he was considering the knee problem or was merely discussing the evidence in the context of Plaintiff's back issues" and that the "ALJ does not explain [or] discuss how his RFC accounts for those limitations."  (*Id.*)  On this basis, the Report ultimately recommended that the court reverse the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (*Id.* at 21.)

The parties were apprised of their opportunity to file specific objections to the Report on August 14, 2020.  (*Id.*)  On August 25, 2020, the Commissioner filed an Objection to the Report.

2

(ECF No. 14 at 4.)  Plaintiff replied to the Commissioner's Objection on September 8, 2020.  (ECF No. 16.)

## II.   STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The responsibility to make a final determination remains with the court.  *Id.* at 271.  As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*,

76 F.3d 585, 589 (4th Cir. 1996)).  As such, the court is tasked with a "specific and narrow" review under the Act.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.     ANALYSIS

The Commissioner contends that the ALJ's decision was supported by substantial evidence because "the ALJ's decision unambiguously evidences his consideration of the evidence related to Plaintiff's knee."  (ECF No. 14 at 1.)  Plaintiff counters that "defense counsel offers no additional argument beyond those already offered and makes no showing of error by the Magistrate Judge."  (ECF No. 16 at 4.)

"The purpose of magistrate review is to conserve judicial resources."  *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).  Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court.  *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that the Commissioner's Objection restates an argument adequately addressed by the Report.  (*See* ECF No. 13 at 15-20.)  Moreover, the Commissioner's Objection substantively mirrors the arguments raised in prior briefing.  Similarly to the

Commissioner's Objection, the Commissioner's Brief argues that substantial evidence supports the ALJ's evaluation of Plaintiff's impairments because "the ALJ assessed the evidence related to Plaintiff's knee." (ECF No. 11 at 11,14.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution...." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear the Commissioner's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses the Commissioner's Objection, is well-reasoned, and properly analyzes the rehashed issues from the Commissioner. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules the Commissioner's Objection.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it herein. Accordingly, the decision of the Commissioner of Social Security Administration is **REVERSED** and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 17, 2021
Columbia, South Carolina